UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------

BRENDA JUSTICE,

                                                    **MEMORANDUM & ORDER**
                        Plaintiff,                      13-CV-4016 (MKB)

            v.

CITY, STATE OF NEW YORK; NYPD 5TH
PRECINCT; U.S. MARSHALLS [SIC] USA,

                        Defendants.

-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge.

      Plaintiff Brenda Justice filed this *pro se* action on July 12, 2013, alleging that she was falsely arrested on October 15, 2012, in Brooklyn, New York, and that her son was wrongfully taken away from her by a United States Marshal. The Court liberally construes the action as being brought pursuant to 42 U.S.C. § 1983 and grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. According to Plaintiff's allegations, "U.S. Marshall [sic] Greg Holme seized my child, never told me why, never returned him," and "my child was taken by NY US Marshalls [sic], NY held me 30 days, case was dismissed . . . NY falsely accused me." (Compl. at 1.) On February 1, 2013, Plaintiff filed identical claims against Police Officer Greg Holme and others related to the same incident. *See Justice v. Kuhnapfel*, No. 13-CV-659 (MKB), currently pending before the Court. For the reasons discussed below, the Complaint is dismissed.

**I. Standard of Review**

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read Plaintiff's *pro se* Complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (citations omitted)); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008) ("[W]hen [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally." (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004))). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) ("District courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend."), *cert. denied*, 133 S. Ct. 2038 (2013). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the Complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009)). The Complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or

(2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted); *see also Collins v. Goord*, 581 F. Supp. 2d 563 (S.D.N.Y. 2008) (quoting *Livingston*, 141 F.3d at 577).

## II. The City of New York

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of City of New York.*, 436 U.S. 658, 694–95 (1978); *see Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) ("[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." (alteration in original)). Here, Plaintiff does not allege any facts demonstrating that any officially adopted policy or custom of the City of New York caused a violation of her federally protected rights.

## III. New York City Police Department, 5th Precinct

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. This provision has been construed to mean that the New York City Police Department ("NYPD") is not a suable entity. *See, e.g.*, *Thomas v. N.Y.C. Police Dep't.*, No. 12-CV-6327, 2013 WL 431335, at *1 (E.D.N.Y. Feb. 4, 2013) (finding that "[t]he complaint cannot proceed against the NYPD" under Section 396 of the New York City Charter); *Richardson v. N.Y.C. Police Dep't*, No. 12-CV-5753, 2013 WL 101403, at *2 (E.D.N.Y. Jan. 7, 2013) ("The NYPD and

its divisions, including the Transit Police, may not be sued directly; instead, any suit against a City agency must be brought against the City of New York."); *Johnson v. N.Y.C. Police Dep't*, No. 12-CV-5423, 2012 WL 5607505, at *3 (E.D.N.Y. Nov. 15, 2012) ("New York City departments and agencies, as distinct from the City itself, lack the capacity to be sued. Therefore, any claims against the NYPD are dismissed." (citations omitted)). For this reason, Plaintiff's claims against the NYPD are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

## IV. Duplicative Claim

Finally, Plaintiff's claim in the instant action relates to her arrest on October 15, 2012, stemming from the removal of Plaintiff's son from her custody. Plaintiff states in her Complaint that "U.S. Marshall [sic] Greg Holme seized my child, never told me why, never returned him," and "my child was taken by NY US Marshalls [sic], NY held me 30 days, case was dismissed . . . NY falsely accused me." (Compl. at 1.) On February 1, 2013, Plaintiff filed identical claims against Police Officer Greg Holme and others related to the same incident, which is currently pending before the Court. *See Justice v. Kuhnapfel*, No. 13-CV-659 (MKB). The instant Complaint raises no new allegations and no useful purpose would be served by the litigation of this duplicative action. Therefore, these claims are dismissed as duplicative. *See Kanciper v. Suffolk Co. Soc. for the Prevention of Cruelty to Animals, Inc.*, --- F.3d ---, ---, 2013 WL 3368887, at *4 (2d Cir. July 8, 2013) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit" (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000))).[1]

---

[1] The Court notes that another related action filed by Plaintiff in the United States District Court for the Southern District of New York ("Southern District") was transferred to this Court by Order dated June 25, 2013. *See Justice v. Haro*, 13-CV-3696 (MKB). Plaintiff also has a pending action in the Southern District which relates to the removal of Plaintiff's son from her

V.  CONCLUSION

Accordingly, the Complaint is dismissed as duplicative and pursuant to 28 U.S.C. § 1915(e)(2)(B).   Plaintiff is cautioned not to file duplicative actions in this Court.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.   *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: August 27, 2013
        Brooklyn, New York

---

custody.   *See Justice v. City of NY*, No. 13-CV-3319 (JPO) (S.D.N.Y.).