UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

BRENDA JUSTICE,

                              Plaintiff,

v.

CITY OF NEW YORK, NYPD 5TH
PRECINCT, U.S. MARSHALLS [SIC], USA,

                              Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
13-CV-4016 (MKB)

-----------------------------------------------------------

MARGO K. BRODIE, United States District Judge.

      Plaintiff Brenda Justice filed this *pro se* action on July 12, 2013, alleging that she was falsely arrested on October 15, 2012 in Brooklyn, New York, and that her son was wrongfully taken away from her by a United States Marshal. According to Plaintiff's allegations, "U.S. Marshall [*sic*] Greg Holme seized my child, never told me why, never returned him," and "my child was taken by NY US Marshalls [*sic*], NY held me 30 days, case was dismissed . . . NY falsely accused me." (Compl. 1.) Because Plaintiff's claims were identical to claims brought in a related action filed on February 1, 2013 that was pending before the Court, *see Justice v. Kuhnapfel*, No. 13-CV-659, by Memorandum and Order dated August 27, 2013, the Court dismissed Plaintiff's claims in this action as duplicative. (Docket Entry No. 6.) By letter filed on September 24, 2014, Plaintiff moved to reopen her case. (Docket Entry No. 8.) The Court construes Plaintiff's motion as a motion for reconsideration and to set aside the judgment. For the reasons discussed below, the Court denies Plaintiff's motion to reopen the case.

## I. Discussion

### a. Standard of Review

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* Local Civ. R. 6.3 (The moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."); *Smith v. N.Y.C. Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013). It is thus "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)), *as amended*, (July 13, 2012). In other words, "[r]econsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hidalgo v. New York*, No. 11-CV-5074, 2012 WL 3598878, at *1 (E.D.N.Y. Aug. 20, 2012) (citation and internal quotation marks omitted). A motion for reconsideration "should not be used as a vehicle simply to voice disagreement with the Court's decision, . . . nor does it present 'an occasion for repeating old arguments previously rejected or an opportunity for making new arguments that could have previously been made.'" *Premium Sports Inc. v. Connell*, No. 10-CV-3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (citations omitted); *see also Stoner v. Young Concert Artists, Inc.*, No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013) ("A motion for reconsideration is an extraordinary remedy, and this Court will not

reconsider issues already examined simply because a party is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." (alteration, citations and internal quotation marks omitted)).

Moreover, "a party may not, on a motion for reconsideration, raise an argument for the first time." *Image Processing Tech., LLC v. Canon Inc.*, No. 10-CV-3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012) (alteration, citation and internal quotation marks omitted) (collecting cases). In order to prevail on a motion for reconsideration, "the moving party must demonstrate that the Court overlooked controlling decisions or factual matters *that were put before the Court on the underlying motion*." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (emphasis added) (citations and internal quotation marks omitted); *see also Henderson v. City of New York*, No. 05-CV-2588, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) ("In order to have been 'overlooked,' the decisions or data in question must have been put before [the court] on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." (citations and internal quotation marks omitted)).

In addition, motions pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, which allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), are disfavored and should only be granted upon a showing of "extraordinary circumstances, or extreme hardship." *DeCurtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (quoting *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004)); *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (noting that "courts require the party seeking to avail itself of [Rule 60(b)(6)] to demonstrate 'extraordinary circumstances' warrant relief" (citing *Liljeberg Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988))); *DePasquale v. DePasquale*, No. 12-CV-2564,

2013 WL 4010214, at * 2 (E.D.N.Y. Aug. 5, 2013) ("Granting a Rule 60(b)(6) motion requires a showing of extraordinary circumstances to justify the reopening of a final judgment." (citations and internal quotations marks omitted)); *Crawford v. Franklin Credit Management Corp.*, No. 08-CV-6293, 2013 WL 2951957, at * 1 (S.D.N.Y. June 14, 2013) ("Motions for relief under Rule 60(b) are disfavored, and are reserved for exceptional cases." (citations omitted)).

### b. Plaintiff is not entitled to reconsideration or the reopening of the judgment

Plaintiff is not entitled to reconsideration of the Court's August 27, 2013 Memorandum and Order because she has not shown that the Court overlooked controlling law or data, but is instead attempting to relitigate the same issues raised in the Complaint. In her Complaint, Plaintiff challenged the removal of her child from her custody and the warrant pursuant to which she was "held" for "30 days" before the "case was dismissed . . . ." (Compl. 1.) The Court dismissed Plaintiff's Complaint as duplicative because of the identical claims that were asserted in her prior action. (Docket Entry No. 6.) Plaintiff's current motion also challenges the removal of her child from her custody. (Docket Entry No. 8.) Plaintiff does not assert in the current motion that the Court overlooked controlling precedent or relevant facts. (*Id.*) Indeed, the motion does not even address the Court's decision. Similarly, Plaintiff has not demonstrated extraordinary circumstances that warrant vacating the judgment. (*Id.*) Here, where Plaintiff filed a prior action challenging the removal of her child, and the above-captioned action was dismissed as duplicative of the prior action, Plaintiff cannot demonstrate extraordinary circumstances that warrant vacating the judgment in this case.

**II. Conclusion**

Accordingly, Plaintiff's motion for reconsideration of the Court's August 27, 2013 Memorandum and Order dismissing her Complaint is denied. So too is Plaintiff's request to set aside the judgment. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and *in forma pauperis* status is therefore denied for purposes of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: July 27, 2015
      Brooklyn, New York